IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| EXIGENCE LLC | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:09CV00915 SWW |
| CATLIN UNDERWRITING AGENCY | * | |
| US, Inc., ET AL. | * | |
| | * | |
| Defendants | | |

## ORDER

Exigence LLC ("Exigence") brings this diversity action against Catlin Underwriting Agency US, Inc. ("Catlin"), Certain Underwriters at Lloyd's of London, John Does 1-20, and Courtney Baylark ("Baylark"), seeking a declaration that pursuant to the terms of a malpractice insurance policy, Catlin is required to defend and indemnify Exigence in connection with a lawsuit pending in Phillips County Circuit Court.  Before the Court are (1) Baylark's motion to compel (docket entries #41, #42), Catlin's response in opposition (docket entries #46, #47), and Baylark's reply (docket entry #50) and (2) Baylark's motion to file a cross-claim (docket entry #53), Catlin's response in opposition (docket entries #56, #57), and Baylark's reply (docket entry #59).  After careful consideration, Baylark's motion to file a cross-claim and motion to compel will be denied.

The following background facts are taken from the complaint.  Under an agreement with Phillips Hospital Corporation, Exigence staffed the Helena Regional Medial Center ("Helena Regional") with emergency room physicians, including Dr. Vijayabhasker Reddy ("Dr. Reddy").

Catlin issued Exigence a medical malpractice policy ("the Policy"), which covered Exigence and certain physicians, including Dr. Reddy.

In August 2005, Dr. Reddy provided medical services to Baylark at Helena Regional, and in July 2006, Baylark sued Reddy and others for medical malpractice.  Pursuant to the Policy, Catlin retained an attorney both to defend Reddy and represent Exigence in connection with the 2006 action.

Baylark and Dr. Reddy entered a settlement agreement, and Catlin paid the settlement amount.   However, the settlement agreement did not identify Exigence as a party released from Baylark's claims, and in August 2008, Baylark filed a second lawsuit, naming Exigence and Helena Regional as defendants and charging them with negligent credentialing.

On December 8, 2009, Exigence filed this action  pursuant to the Declaratory Judgment Act, **28 U.S.C. § 2201**, seeking a declaration that Catlin owes it a duty to provide it a defense and satisfy any judgment in connection with Baylark's second lawsuit, which is currently pending in state court.  Exigence states that it named Baylark as a defendant in this case out of an abundance of caution because "its action might have been open to attack for failure to join a necessary party."  Docket entry #58, at 2.

In its complaint, Exigence alleges that Catlin's agent, Richard Bolin, represented that Catlin would provide Exigence a defense and indemnification with respect to Baylark's second lawsuit.  Exigence further alleges that Catlin has disclaimed any obligation to indemnify and has declined to settle Baylark's second lawsuit for an amount within the Policy limits, despite Baylark's willingness to do so and Exigence's written demands requesting settlement within policy limits.

**Baylark's Motion to File Cross-Complaint**

Baylark seeks leave to file a cross-complaint against Catlin pursuant to the declaratory Judgment Act, 28 U.S.C. § 2201(a).  In support of his motion, Baylark argues: "Based on the authority of *National Security Fire and Casualty v. Poksey*, 309 Ark. 206, 828 S.W.2d 836 (1992)[1] . . . Baylark is entitled to determine whether or not there is coverage under these circumstances from the Catlin Defendants as to Courtney Baylark and/or Exigence LLC . . . . "  Docket entry #53, ¶ 3.

While state law governs the substantive rights and duties of the parties to the insurance contract at issue in this case, federal law determines the issue of justiciability.  The Declaratory Judgment Act authorizes federal courts to declare the rights of interested parties "[i]n a case of actual controversy . . . . " 29 U.S.C. § 2201(a).  To determine whether an "actual controversy" exists between Baylark and Catlin within the meaning of § 2201, the Court must consider whether "there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Caldwell v. Gurley Refining Co.*, 755 F.2d 645, 649 (8th Cir. 1985)(quoting *Maryland Casualty Co. v. Pacific Coal and Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512 (1941)).

---

[1]In *National Security Fire and Casualty v. Poskey*, 309 Ark. 206, 828 S.W.2d 836 (1992), the trial court denied a motion to dismiss an injured party's complaint seeking a declaratory judgment regarding the  tortfeasor's insurance coverage.  The insurer appealed to the Arkansas Supreme Court, seeking a writ of prohibition that would bar the trial court from hearing the injured party's claim.  The insurer argued that without a judgment against the tortfeasor, the injured party had no direct cause of action against the insurer.  The Supreme Court of Arkansas declined to grant the relief sought on the ground that a writ of prohibition is an extraordinary remedy, issued only when the lower court is wholly without jurisdiction.  The Court noted, however, that the propriety of hearing the injured party's claim was an issue not properly addressed by a writ of prohibition.

There is no question that an actual case and controversy exists between Exigence and Catlin as to Catlin's duties under the insurance contract, and in the event that Baylark obtains a judgment against Exigence, and the judgment remains unsatisfied at the expiration of thirty days from entry of the judgment, Baylark can bring a direct action against Catlin pursuant to **Ark. Code. Ann. § 23-89-101**. At the present time, however, no actual controversy exists between Baylark and Catlin, and Baylark is without an immediate, adverse legal interest that permits issuance of a declaratory judgment. Accordingly, the motion for leave to file a cross-claim will be denied.

### Baylark's Motion to Compel

In its complaint, Exigence alleges that it communicated with Defendants and various counsel regarding the insurance policy at issue in this case. Baylark asks the Court to compel Defendants to produce documents regarding such communications, and Defendants assert that the communications are privileged. The same discovery dispute is pending in Baylark's state court action against Exigence, and the Arkansas Supreme Court has ordered the circuit court to determine whether the documents at issue are privileged. *See **Exigence, LLC v. Baylark, 2010 WL 2539737 (Ark., June 24, 2010)***. In this case, in addition to asserting privilege, Defendants argue that Baylark has no "practical" need to conduct discovery in this declaratory judgment proceeding.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that unless otherwise limited by court order, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and that for good cause shown, a court may order discovery of any matter relevant to the subject matter involved in the action. The federal

4

discovery rules are designed to provide each party with the fullest pre-trial knowledge of the facts and to clarify and narrow the issues to be tried.  *Nutt v. Black Hills Stage Lines, Inc.*, 452 F.2d 480, 483 (8th Cir. 1971).   Baylark, however, has no claim or defense in the present controversy, and he has no entitlement to discover information that would assist him in prosecuting his pending state court action or in developing a potential direct action against Catlin.  *See* Fed. R. Civ. P. advisory committee's note (2000)(stating that "the court . . . has the authority to confine discovery to the claims and defenses asserted in the pleadings, and . . . parties have no entitlement to develop new claims that are not already identified in the pleadings.").   Given Baylark's nominal position in this declaratory judgment action, the Court finds that his motion must be denied.

    IT IS THEREFORE ORDERED that Defendant Courtney Baylark's motion for leave to file a cross-claim (docket entry #53) and motion to compel (docket entry #41) are DENIED.

    IT IS SO ORDERED THIS 26TH   DAY OF AUGUST, 2010.

                                                          /s/Susan Webber Wright

                                                          UNITED STATES DISTRICT JUDGE