```
         IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    WESTERN DIVISION


EXIGENCE, LLC                                      PLAINTIFF


V.                        NO. 4:09-CV-915 SWW


CATLIN UNDERWRITING AGENCY U.S.,
INC.; CERTAIN UNDERWRITERS
SYNDICATED THROUGH LLOYDS OF LONDON,
JOHN DOES 1-20; AND COURTNEY BAYLARK     DEFENDANTS
```

## AGREED PROTECTIVE ORDER

Exigence, LLC ("Exigence") has sought and will seek from Catlin Underwriting Agency U.S., Inc. ("Catlin") and Certain Underwriters at Lloyds of London ("Underwriters") (collectively "Catlin defendants")the discovery of certain information which the Catlin defendants consider to be trade secrets and/or confidential or proprietary information and information and documents the Catlin defendants assert are protected by attorney-client privilege and the work product doctrine, including information and documents regarding the underlying litigation in Phillips County, Arkansas brought by Courtney Baylark (the "2006 Action" and the "2008 Action") in which the interests of Exigence and the Catlin defendants are directly adverse to the interests of Courtney

1

Baylark ("Baylark"). Likewise, the Catlin defendants have sought and will seek from Exigence the discovery of certain information that Exigence asserts is protected by attorney-client privilege and the work product doctrine, including information and documents regarding the 2006 Action and the 2008 Action in which the interests of Exigence and the Catlin defendants are directly adverse to the interests of Baylark. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded material so entitled, Exigence and the Catlin defendants believe a protective order is necessary. Accordingly, pursuant to the Court's authority, and Exigence and the Catlin defendants having agreed, as indicated by the signature of their counsel below,

   IT IS HEREBY ORDERED THAT:

   1.   This Order shall govern the handling, disclosure, and disposition of certain documents and information, depositions, interrogatory answers, and admission responses in this action (hereinafter referred to as the "Discovery Material").

   2.   The Catlin defendants and Exigence may designate

by written notice, either incorporated in the matter disclosed or separately, any Discovery Material as "Confidential" if they believe that such material contains or reflects their trade secrets and/or other confidential or proprietary information or it concerns the 2006 Action and the 2008 Action in which the interests of Exigence and the Catlin defendants are directly adverse to the interests of Baylark. All documents and information as they are reviewed for inspection or copying by Exigence and the Catlin defendants are subject to confidentiality under the terms of this Order, and Exigence and the Catlin defendants may designate and mark any documents and information as "Confidential." Exigence and the Catlin defendants may designate information disclosed in depositions as "Confidential" by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. Exigence and the Catlin defendants may also designate information disclosed in depositions as "Confidential" by giving notice in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential." All deposition transcripts shall be treated as "Confidential" from the time taken until thirty (30) days

after receipt of the transcript.

3. Exigence shall have the right to object to the Catlin defendants' designation of any Discovery Material as "Confidential." Exigence will have the burden of proving that the materials are not, in fact, "Confidential." Likewise, the Catlin defendants shall have the right to object to Exigence's designation of any Discovery Material as "Confidential." The Catlin defendants will have the burden of proving that the materials are not, in fact, "Confidential."

4. Discovery Material designated as "Confidential" by any party to this Agreed Order may be used by any party to this Agreed Order only for purposes of preparing for and conducting pretrial and trial proceedings in this action. "Confidential" Discovery Material, and information derived therefrom, shall be shown only to the parties to this Agreed Order and their counsel of record and may be disclosed by such counsel only to the following persons:

a. Counsel for Exigence and the Catlin defendants, employees or independent contractors of such counsel, and experts or consultants working with such counsel, as are required to assist in the preparation or conduct of this action; provided that, before being shown any "Confidential"

Discovery Material, such persons shall be given a copy of this Order and be advised that they are bound by it.

     b.   Persons whose depositions are being taken or who are witnesses at any hearing or trial conducted by the Court in this action; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order and be advised that they are bound by it.

     c.   This Court or any other court before which this action is pending, including any court personnel and jurors.

     5.   Any person having access to "Confidential" Discovery Material shall be prohibited from disclosing any such information to any other person except as provided herein, and each such person shall take appropriate measures to safeguard the confidentiality of the "Confidential" Discovery Material to prevent the willful or inadvertent disclosure thereof and to assure that the provisions of this Order are accomplished. In the event that "Confidential" Discovery Material is disclosed to any other person except as provided herein, including any inadvertent or other disclosure to Baylark or his counsel, such other person shall be obligated to return all copies of such "Confidential" Discovery Material to Exigence and the Catlin

5

defendants immediately and to take all necessary measures to prevent any further disclosure thereof.

6. No party to this Agreed Order shall file any "Confidential" Discovery Material with the Court unless such filing is made under seal.

7. Upon conclusion of this action, all "Confidential" Discovery Material produced by any party to this Agreed Order and all copies thereof immediately shall be returned to the producing party. To the extent that copies of "Confidential" Discovery Material contain work product of counsel or other representatives of any party to whom the "Confidential" Discovery Material was produced, e.g., notes made by counsel while reviewing documents—counsel for such party may destroy those materials without returning them to the producing party. In addition, within forty-five (45) days of the conclusion of this action, an affidavit of compliance shall be provided to the producing party by counsel returning the "Confidential" Discovery Material and swearing or affirming that all "Confidential" Discovery Material and all copies thereof from counsel for the party to whom the "Confidential" Discovery Material was produced and all of the persons identified in paragraph 4 above have been returned to the producing party or have been destroyed

as required by this paragraph. Counsel for Exigence and the Catlin defendants are responsible for compliance with this Order only by people retained by them or under their control.

8.    Consistent with the Court's August 26, 2010, Order that Baylark has no claims or defense in this case and therefore "has no entitlement to discover information that would assist him in prosecuting his pending state court action or in developing a potential direct action against Catlin," Exigence and the Catlin defendants are permitted to conduct discovery in this matter without the involvement of Baylark or his counsel.  Accordingly, Exigence and the Catlin defendants may exchange documents in discovery without providing those documents to Baylark or his counsel, and Exigence and the Catlin defendants may also conduct depositions without the presence of Baylark or his counsel and without providing copies of those depositions to Baylark or his counsel.

9.    Nothing in this Order shall prevent or prohibit Exigence and/or the Catlin defendants from seeking additional protection as they deem necessary for protection of "Confidential" Discovery Material in this action.

10.   This Order is without prejudice to the right of

Exigence and/or the Catlin defendants to bring before the Court at any time other objections to the production of any Discovery Material.

**SIGNED this 22nd day of November, 2010.**

                                              <u>**/s/Susan Webber Wright**</u>
                                              **UNITED STATES DISTRICT JUDGE**

APPROVED AS TO FORM AND CONTENT:


BY:_____
     EDWIN L. LOWTHER
     WRIGHT LINDSEY & JENNINGS
     200 W. CAPITOL AVENUE, SUITE 2300
     LITTLE ROCK, AR 72201-3699

     ATTORNEY FOR EXIGENCE, LLC


BY:_____
     D. MICHAEL HUCKABAY, JR.
     BEVERLY A. ROWLETT
     HUCKABAY, MUNSON, ROWLETT
         AND MOORE, P.A.
     REGIONS CENTER
     400 W. CAPITOL, SUITE 1900
     LITTLE ROCK, AR 72201

     ATTORNEYS FOR CATLIN UNDERWRITING
     AGENCY U.S., INC. AND CERTAIN
     UNDERWRITERS AT LLOYDS OF LONDON


(Attorney signatures appear on the copy of this stipulated protective order filed as Exhibit A to the motion for entry of an agreed protective order (docket entry #71)).