IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| EXIGENCE LLC | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:09CV00915 SWW |
| CATLIN UNDERWRITING AGENCY | * | |
| US, Inc., ET AL. | * | |
| | * | |
| Defendants | | |

# **ORDER**

Exigence LLC ("Exigence") brings this diversity action against Catlin Underwriting Agency US, Inc. ("Catlin"), Certain Underwriters at Lloyd's of London ("Lloyd's"), John Does 1-20, and Courtney Baylark ("Baylark"), seeking a declaration that pursuant to the terms of a malpractice insurance policy, Catlin is required to defend and indemnify Exigence in connection with a lawsuit commenced by Baylark in Phillips County Circuit Court. Now before the Court is a joint motion to stay this case (docket entry #86) and Baylark's response (docket entry #88). After careful consideration, and for reasons that follow, the motion for a stay will be granted, and the case will be stayed until dismissal of the aforementioned state court lawsuit is final. Additionally, to the extent that Baylark moves for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and permission to pursue a claim for attorneys' fees at this time, those motions are denied.

I.

The following background facts are taken from the complaint. Under an agreement with Phillips Hospital Corporation, Exigence staffed the Helena Regional Medial Center ("Helena Regional") with emergency room physicians, including Dr. Vijayabhasker Reddy ("Dr. Reddy"). Catlin issued Exigence a medical malpractice policy ("the Policy"), which covered Exigence and certain physicians, including Dr. Reddy.

In August 2005, Dr. Reddy provided medical services to Baylark at Helena Regional, and in July 2006, Baylark sued Reddy and others for medical malpractice. Pursuant to the Policy, Catlin retained an attorney both to defend Reddy and represent Exigence in connection with the 2006 action. Baylark and Dr. Reddy entered a settlement agreement, and Catlin paid the settlement amount. However, the settlement agreement did not identify Exigence as a party released from Baylark's claims, and in August 2008, Baylark filed a second lawsuit in state court, naming Exigence and Helena Regional as defendants and charging them with negligent credentialing.

On December 8, 2009, Exigence filed this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that Catlin owes it a duty to provide it a defense and satisfy any judgment in connection with Baylark's second lawsuit, which is currently pending in state court. Exigence named Baylark as a defendant in this case out of an abundance of caution because "its action might have been open to attack for failure to join a necessary party." Docket entry #58, at 2.

By order entered August 26, 2010, the Court denied Baylark's motion to file a cross-complaint against Catlin, finding no actual controversy between Baylark and Catlin. The Court also denied Baylark's motion to compel Defendants to produce documents containing communications the Defendants claimed as privileged in the state court case. The Court denied

Baylark's motion to compel on the ground that his position in this case is purely nominal.

## II.

Now before the Court is a joint motion by Exigence, Catlin, and Lloyd's, seeking a stay of this case. The movants report that on November 29, 2010, the Circuit Court of Phillips County dismissed Baylark's claims against Exigence with prejudice, and they move to stay this case until the order of dismissal becomes final, whether by the passage of time or a decision on appeal. The Court agrees that, because the controversy in this case may become moot, the Court should exercise its discretion to stay the proceedings.

In response to the joint motion for a stay, Baylark acknowledges that the Court has discretion to stay this case, but asks the Court to allow him to appeal "so that the [Eighth] Circuit can determine whether or not . . . the Court committed error by the rulings as to Courtney Baylark in this case." Docket entry #88, ¶7. Additionally, Baylark seeks permission to "pursue a claim for attorneys' fees and expenses by reason of Courtney Baylark bing involved in his Declaratory Judgment action." Docket entry #88, ¶8

Title 28 U.S.C. § 1292(b) permits a district court to certify an order for determination on interlocutory appeal if it finds that the order from which an appeal is sought involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation. "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

The Court finds that an immediate appeal by Baylark would hinder rather than advance

the ultimate termination of this litigation, and finds no basis for certification of an immediate appeal under § 1292(b). Additionally, the Court finds that Baylark's request to pursue a claim for attorneys' fees is premature.

### III.

For the reasons stated, the parties' joint motion for a stay (docket entry #86) is GRANTED. This case is STAYED until such time as the order of dismissal entered in the related, state court case becomes final. The parties are directed to file a status report within five days after said order becomes final or is reversed or upheld on appeal. It is further ordered that Courtney Baylark's request for certification of an interlocutory appeal and his request to pursue a claim for attorneys' fees are DENIED.

IT IS SO ORDERED THIS 24th DAY OF JANUARY, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE