**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EXIGENCE LLC                         *
                                     *
            Plaintiff                *
                                     *
V.                                   *
                                     *          NO: 4:09CV00915   SWW
CATLIN UNDERWRITING AGENCY           *
US, Inc., ET AL.                     *
                                     *
            Defendants

## <u>ORDER</u>

On December 8, 2009, Exigence LLC ("Exigence") commenced this diversity action

against Catlin Underwriting Agency US, Inc. ("Catlin"), Certain Underwriters at Lloyd's of

London ("Lloyd's"), John Does 1-20, and Courtney Baylark ("Baylark"), seeking a declaration

that Catlin was required to defend and indemnify Exigence in connection with a lawsuit that

Baylark had filed in state court.[1]  Now before the Court is Exigence's motion for voluntary

dismissal without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure

(docket entries #90, #91), a response by Catlin and Lloyd's (docket entries #92, #93),  and

Exigence's reply (docket entry #94).  After careful consideration, and for reasons that follow, the

motion is granted, and this action is dismissed without prejudice.

After Exigence commenced this action, the state court dismissed Baylark's claims as

time-barred, and this Court granted the parties' motion to stay this case until the state court's

order of dismissal became final.   Baylark appealed the state court order dismissing his complaint

---

[1]Exigence named Baylark as a defendant in this case out of an abundance of caution
because "its action might have been open to attack for failure to join a necessary party." Docket
entry #58, at 2.

as time-barred, and Exigence filed a cross appeal, asserting that the trial court erred in denying

its motion to dismiss for insufficient process and service.  On November 1, 2012, the Supreme

Court of Arkansas issued an opinion, reversing the trial court and dismissing Baylark's claims on

cross appeal.  *See Baylark v. Helena Regional Medical Center*, No. 11-1192,  2012 Ark. 405,

6-7, 2012 WL 5383106, *3 (Dec. 6, 2012)(unpublished opinion).

Now before the Court is Exigence's motion to dismiss this declaratory judgment action

without prejudice.  Exigence acknowledges that the Arkansas Supreme Court's decision renders

this action moot, but Exigence asks that dismissal be without prejudice to Exigence's right to

refile this action in the event that Baylark attempts to reassert his claims at a later date.  Exigence

states that, considering the protracted history of this litigation, it has particular concern that

Baylark might attempt to refile the underlying action.  Separate defendants Catlin and Lloyd's

object to dismissal without prejudice unless the Court imposes the condition that if Exigence re-

files this action, the separate defendants will receive costs and fees expended in this case.

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly

affect the other side.  Courts generally will grant dismissals where the only prejudice the

defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826

F.2d 780, 782 (8th Cir.1987).   Under proper circumstances, a trial court can alleviate undue

hardship to a defendant by requiring that before the plaintiff may refile the action, the plaintiff

must pay the defendant's costs incurred in the first litigation.[2]   However, the Court does not find

---

[2]Fed. R. Civ. P. 41(d) states: "If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

that such a requirement is warranted in this case.   This is not a case of vexatious litigation, and the Court finds no danger that defendants will suffer undue hardship if this case is dismissed without prejudice.  Exigence properly instituted this declaratory judgment action, and given the resolution of Baylark's claims in state court, Exigence properly seeks dismissal of this action, without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's motion for voluntary dismissal without prejudice (docket entry #90) is GRANTED.  This action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 21st DAY OF FEBRUARY, 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE